**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Daniel P., | Case No. 26-cv-402 (MJD/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristi Noem, et al., | |
| Respondents. | |

**INTRODUCTION**

Petitioner Daniel P. is a Mexican citizen who has resided in the United States since 2007. Pet. ¶ 21, Dkt. No. 1. In 2007, Daniel P. entered the United States without inspection. *Id.* ¶ 6. He was arrested by ICE on January 17, 2026, and remains in immigration detention at this time. *Id.*[1]

Daniel P. challenges his detention under 28 U.S.C. § 2241. *See id.* ¶ 16. He claims that the Government has unlawfully detained him pursuant to § 1225(b)(2) (a mandatory detention statute) rather than § 1226 (a discretionary detention statute). *Id.* ¶¶ 34-35. Immigrants detained under § 1226 are entitled to a bond hearing. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining the legal framework). Daniel P. contends the Government's misclassification of him as a § 1225(b)(2) detainee violates the Immigration and Nationality Act and his constitutional rights. *See* Pet. ¶¶ 27-

---

[1] On the same day of his arrest and the filing of this Petition, Daniel P. was transferred to El Paso Camp East Montana in El Paso, Texas. Robinson Decl. ¶ 7, Dkt. No. 6. On January 26, 2026, Respondents filed a Status Report notifying the Court that Daniel P. was returned to Minnesota and is presently detained at the Sherburn County Detention Facility. Dkt. No. 10.

40. He seeks a writ of habeas corpus requiring the Government to immediately release him or provide a bond hearing under § 1226(a) within seven days. *Id.* at 8.

The Government disagrees, arguing that § 1225(b)(2), not § 1226, governs Daniel P.'s detention. Gov.'s Resp. 1, Dkt. No. 5. This raises an issue of statutory interpretation that this Court and others in this District have repeatedly considered and rejected. *Francisco T. v. Bondi*, No. 25-cv-3219, 2025 WL 3490809 (D. Minn. Sept. 5, 2025) *R. & R. adopted by* 2025 WL 3236513 (D. Minn. Nov. 19, 2025); *see also, e.g.*, *Misael T. v. Bondi*, No. 26-cv-263, 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026) (collecting cases); *Andres R.E. v. Bondi*, No. 25-cv-3946, 2025 WL 3146312 (D. Minn. Nov. 4, 2025). The Government concedes as much, acknowledging that "[t]his Petition raises legal and factual issues similar to those confronted (and decided) by this Court in prior habeas petitions." Gov.'s Resp. 1. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See Francisco T.*, 2025 WL 3490809, at *3–11, *R. & R. adopted by* 2025 WL 3236513. Because § 1226(a)'s discretionary detention framework, not § 1225's mandatory detention framework, applies to Daniel P., the Court recommends granting the petition.[2]

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Daniel P.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2. The Government be ordered to issue an administrative warrant and provide Daniel P. with a bond hearing pursuant to 8 U.S.C. § 1226 within seven days;

---

[2] Resolving this question in Daniel P.'s favor makes it unnecessary to address the Petition's alternative grounds.

3. The Government be ordered to release Daniel P. if it fails to issue an administrative warrant and provide Daniel P. with a bond hearing;

4. The Government be enjoined from denying Daniel P. a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to him; and

5. The Government be ordered to report to the Court within seven days the results of the bond hearing and/or whether Daniel P. has been released.

Dated: January 28, 2026       s/ David T. Schultz
    DAVID T. SCHULTZ
    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to this magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).